**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edwin Allen Groover,<br><br>        Plaintiff,<br><br>v.<br><br>United States Office of Personnel Management,<br><br>        Defendant. | No. CV-22-00122-TUC-JCH<br><br>**ORDER** |

    Before the Court are pro se Plaintiff's "Motion to Reinstate Case" (Doc. 17) ("Motion I") and "Motion for a More Definite Explanation" (Doc. 18) ("Motion II"). On December 9, 2022, the Court denied Plaintiff's motion for default judgment and advised Plaintiff that his complaint would be dismissed without prejudice unless he established good cause for his failure to properly serve it by December 31, 2022. Doc. 15 at 3. Plaintiff did not respond. *See docket generally*. On February 27, 2023, the Clerk of the Court dismissed Plaintiff's case without prejudice for failure to comply with the Court's Order. Doc. 16. On March 6, 2023, Plaintiff filed Motion I and Motion II. Docs 17, 18.

**I.    Legal Standard**

    Parties may seek relief from a court order under Federal Rule of Civil Procedure 60(b)(1) for excusable neglect. Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993), and includes "omissions caused by carelessness," *id.* at 388. The determination of whether neglect is excusable "is at

bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The Court's equitable analysis must examine "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citations omitted) (applying the *Pioneer* factors to Rule 60(b)(1)).

## II.     Legal Analysis

In Motion I, Plaintiff alleges that he did not receive the Court's Order due to a typo in his mailing address. Doc. 17 at 1. Plaintiff alleges the Order was mailed to "6161 S. Monson Rd.," and that he lives at "6161 S. Moson Rd." *Id.* Plaintiff further alleges that he received the Court's Order on February 24, 2023, the day before travelling abroad. *Id.* The Court construes Motion I as for relief from excusable neglect under Rule 60(b)(1).

Motion I does not demonstrate the need for relief under the *Pioneer* factors. First, the danger of prejudice to the other party is low because Plaintiff has not yet served the other party properly. But the Court also notes that denying Motion I does not substantially prejudice Plaintiff because his case was dismissed without prejudice to refile. Even so, the first factor weighs in favor of granting Motion I. Second, the length of Plaintiff's delay was substantial: almost three months after the Court's Order and two months after the Order's deadline. This factor weighs against granting Motion I. Third, Plaintiff's reason for the delay is implausible. Plaintiff alleges the Court's Order was mailed to the wrong address, but also that he somehow received it on February 24, 2023. Doc. 17 at 1. Plaintiff's explanation is also incongruent with the fact that he has received correspondence from the Court before without issue, and never mentioned the typo before. *See docket generally*. Plaintiff's explanation is also implausible because the timing he alleges is highly convenient: he alleges he received the Court's Order on Friday, February 24, left for international travel on Saturday, and the Clerk of the Court closed his case on Monday. This factor weighs heavily against granting Motion I. Finally, and for related reasons, Plaintiff presents no evidence of good faith beyond the bare

assertion that he did not receive the Court's Order until the business day before the Court closed his case. The Court cannot find good faith on that basis. This factor also weighs against granting Motion I. For those reasons, the Court denies Motion I.

In Motion II, Plaintiff alleges (1) the Court's filing fee is an excise tax prohibited by the United States Constitution and Arizona Constitution; (2) the Court's filing fee must be paid in Federal Reserve notes not backed by gold or silver coin, in violation of the U.S. Constitution; and (3) the Court's rules and regulations are for government authorities only, not "humans/Creators in accordance with God's Laws." Doc. 18 at 1–2. Plaintiff "demands an explanation." Doc. 18 at 2. The Court construes Motion II as seeking to initiate a new lawsuit. As such, Motion II fails to comply with the Federal Rules of Civil Procedure and local rules governing complaints and is denied.

Accordingly,

**IT IS ORDERED DENYING** Plaintiff's "Motion to Reinstate Case" (Doc. 17).

**IT IS FURTHER ORDERED DENYING** Plaintiff's "Motion for a More Definite Explanation" (Doc. 18).

Dated this 10th day of March, 2023.

_____
Honorable John C. Hinderaker
United States District Judge